```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
                         CAMDEN VICINAGE
_____
                                :
TODD FORD, Jr.,                 :   Civ. No. 20-12655 (RMB)
                                :
          Petitioner            :
                                :
     v.                         :   **MEMORANDUM AND ORDER**
                                :
WARDEN ROBERT SMITH,            :
                                :
          Respondent            :
_____    :
```

This matter comes before the Court upon Petitioner's letter request for habeas relief in this proceeding under 28 U.S.C. § 2241, based on an alleged new COVID-19 outbreak at Cumberland County Jail that poses a serious threat to Petitioner's health. (Dkt. No. 9.) For the reasons set forth below, the Court will appoint counsel to Petitioner and schedule an evidentiary hearing in this matter, if necessary.

I.   BACKGROUND

Petitioner Todd Ford Jr. is a pretrial detainee confined in the Cumberland County Jail in Bridgeton, New Jersey. On September 14, 2020, he filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Pet., Dkt. No. 1.) Petitioner alleges Respondent's failure to reduce the spread of COVID-19 to pretrial detainees in Cumberland County Jail violates his constitutional rights and poses a serious risk to his health. He seeks release from

confinement based on his belief that Respondent cannot protect him from exposure to COVID-19.

Respondent filed an answer to the petition on September 18, 2020, asserting Petitioner is properly detained under state law pending trial, raising the affirmative defense of failure to exhaust,[1] and opposing habeas relief based on efforts made at Cumberland County Jail to control the spread of COVID-19. (Answer, Dkt. No. 4.) Petitioner filed a reply brief on October 8, 2020. (Petr's Reply Brief, Dkt. No. 6.) Petitioner then filed an amended petition on October 19, 2020, seeking monetary damages. (Am. Pet., Dkt. No. 8). Subsequently, Petitioner submitted a letter to the Court, dated November 10, 2020, describing a new outbreak of COVID-19 at Cumberland County Jail that puts him at serious risk if infected, based on his age and medical conditions.

The Court construes Petitioner's November 10, 2020 letter as a supplement to the petition for writ of habeas corpus under 28 U.S.C. § 2241, with jurisdiction premised on allegations that the conditions of confinement violate the Fourteenth Amendment[2] Due

---

[1] Respondent contends that there is an avenue under state law, pursuant to N.J.S. 2A:162-19(f), for Petitioner to potentially reopen his pretrial detention decision and seek release.

[2] Petitioner asserts that the conditions of confinement violate his Fifth Amendment Due Process right not to be subjected to punitive conditions of confinement. As a state pretrial detainee incarcerated in a state facility, Petitioner's Due Process claims fall under the Fourteenth rather than the Fifth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979).

Process Clause. See Ziglar v. Abbasi, 137 S. Ct. 1843, 1862 (2017) ("we have left open the question whether [detainees] might be able to challenge their confinement conditions via a petition for a writ of habeas corpus.") (citing Bell v. Wolfish, 441 U.S. 520, 526, n. 6 (1979) ("[W]e leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement") and Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) ("When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making custody illegal"); see also Hope v. Warden York County Prison,³ 972 F.3d 310, 324 (3d Cir. 2020). While Respondent treated the original petition as a pretrial challenge to the state court's detention order, and opposes relief based on the failure to exhaust in the state courts, see supra n. 1, the Court construes the original petition as raising only the claim that Petitioner's conditions of confinement violate the Fourteenth Amendment, and

---

³ In Hope, a case involving immigration detainees held in a county corrections facility, the Third Circuit stated,

> We have never held that a detainee cannot file a habeas petition to challenge conditions that render his continued detention unconstitutional. Although the context of the vast majority of habeas cases involve challenges to criminal judgments, the language of the habeas statute justifies resort to the writ by non-prisoner detainees.

that only release from detention can cure the constitutional violation. See e.g. Hope, 972 F.3d 310 (finding jurisdiction under 28 U.S.C. § 2241 for immigration detainees to challenge conditions of confinement); Cf. Wragg v. Ortiz, 462 F.Supp.3d 476, 503-05 (D.N.J. May 27, 2020) (finding jurisdiction lacking under 28 U.S.C. § 2241 for convicted prisoners to challenge conditions of confinement). Based on the urgent and quickly evolving nature of the threat posed by COVID-19,

**IT IS** on this **1st day of December 2020,**

**ORDERED** that Respondent shall file an answer to any new allegations in the supplemental petition (Dkt. No. 9) within seven days of the date of this Order;

**ORDERED** that counsel shall be appointed to Petitioner under 18 U.S.C. § 3006A(a)(2)(B) and Habeas Rule 8(c) for this proceeding only; counsel shall enter an appearance in this matter as soon as possible upon appointment and Petitioner shall be notified of counsel's appointment; and it is further

**ORDERED** that upon counsel for Petitioner's appearance in this matter, unless the need for a hearing is mooted by a successful bail application, the Court will schedule a hearing on the petition, as supplemented; and it is further

4

**ORDERED** that the Clerk shall file Petitioner's Bivens Complaint (Dkt. No. 8) in a new civil action[4] and administratively terminate that new action, subject to reopening upon Petitioner's submission of an amended complaint and either the $402 filing fee or an application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a); the Clerk shall file a copy of this Order in the new civil action; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order, together with a blank form "Prisoner Civil Rights Complaint" and a blank form "Affidavit of Poverty and Account Certification (Civil Rights" upon Petitioner by regular U.S. mail.

                                              s/Renée Marie Bumb
                                              **RENÉE MARIE BUMB**
                                              **UNITED STATES DISTRICT JUDGE**

---

[4] The Court notes that Petitioner is also a plaintiff in a related civil rights action for injunctive relief only, Archie et al. v. Smith, et al., 20cv7907 (NLH/KMW).