```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
_____
                              :
TODD FORD, JR.,               :
                              :
          Petitioner,         :   Civ. No. 20-12655 (NLH)
                              :
     v.                       :   MEMORANDUM OPINION & ORDER
                              :        DENYING SEAL
                              :
WARDEN EUGENE CALDWELL,       :
                              :
          Respondent.         :
_____:
```

APPEARANCES:

Jonathan J. Sobel, Esq.
Law Offices Of Jonathan J. Sobel
1500 Walnut Street
Suite 2000
Philadelphia, PA 1910

    *Attorneys for Petitioner*[1]

Jennifer Webb-McRae, Cumberland County Prosecutor
Andre R. Araujo, Assistant Prosecutor
Office of the County Prosecutor
115 Vine Street
Bridgeton, New Jersey 08302

Joseph J. DePalma, Esq.
Susana Cruz Hodge, Esq.
Victor A. Afanador, Esq.
Christopher Khatami, Esq.
Lite DePalma Greenberg & Afanador, LLC
570 Broad Street, Suite 1201
Newark, New Jersey 07102

    *Attorneys for Respondent*

---

[1] Present counsel entered an appearance after the motion was filed as former counsel had to withdraw.  ECF No. 61.

HILLMAN, District Judge

WHEREAS, Petitioner Todd Ford, Jr., filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, ECF No. 1; and

WHEREAS, the Court ordered Petitioner to submit a supplemental brief in support of his petition on January 12, 2022, see ECF No. 36; and

WHEREAS, Petitioner filed a motion to seal Exhibit A of his supplemental brief,[2] ECF No. 46; and

WHEREAS, the Court denied the motion to seal without prejudice because "Petitioner has not submitted the proposed Exhibit A under a temporary seal, so the Court cannot assess whether the proposed Exhibit A qualifies for sealing under the Local Rule." ECF No. 50 at 3. The Court permitted Petitioner to file a new motion to seal within 14 days, id. at 4. Alternatively, Petitioner could forgo a motion to seal and file an unredacted Exhibit A within 14 days, id.; and

WHEREAS, on April 25, 2022, the Court entered a text order noting that Petitioner had not complied with the prior Order. ECF No. 52. The Court ordered Petitioner to "submit either a revised motion to seal Exhibit A or the unredacted Exhibit A within 7 days of this Order." Id.; and

---

[2] Exhibits B-E are filed on the public docket along with the supplemental brief, ECF No. 45.

WHEREAS, Petitioner filed a new motion to seal on April 29, 2022, ECF No. 53.  The new motion did not contain a copy of Exhibit A under a temporary seal, id.; and

WHEREAS, Respondent has not filed any opposition to the motion; and

WHEREAS, "[i]t is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records.  The public's right of access extends beyond simply the ability to attend open court proceedings.  Rather, it envisions a pervasive common law right to inspect and copy public records and documents, including judicial records and documents."  In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001) (internal citations and quotation marks omitted); and

WHEREAS, a party seeking to seal portions of the judicial record from public view bears party "bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure."  Millhouse v. Ebbert, 674 F. App'x 127, 128 (3d Cir. 2017) (per curiam) (internal quotation marks and citations omitted); and

WHEREAS, in deciding a motion to seal, the Court considers
    (a) the nature of the materials or proceedings at issue;

  (b) the legitimate private or public interest which warrants the relief sought;

  (c) the clearly defined and serious injury that would result if the relief sought is not granted;

  (d) why a less restrictive alternative to the relief sought is not available;

  (e) any prior order sealing the same materials in the pending action; and

  (f) the identity of any party or nonparty known to be objecting to the sealing request.

L. Civ. R. 5.3(c)(3); and

  WHEREAS, Petitioner seeks release from the Cumberland County Jail under § 2241 due to "constitutionally transgressive conditions includ[ing] grossly inadequate measures for addressing the ongoing corona virus [sic], maintenance or creation of toxic or otherwise dangerous conditions in the ambient environment in the jail, and indeed creating noxious ambient air contaminations with inappropriate chemical concoctions that present risks of harm to the lungs of residents and with no upside."  ECF No. 53-1 at 1.  He alleges that his medical history, specifically asthma, "renders [him] more vulnerable to the corona virus [sic], and makes [him] particularly suffer from ambient air contaminants . . . ."  Id. at 1-2; and

  WHEREAS, Petitioner has not submitted the proposed Exhibit A despite being given additional time from the Court to do so,

4

but his motion describes the proposed Exhibit A as excerpts from Petitioner's medical file.  Id. at 2.  He asserts the documents "are considered confidential under [The Health Insurance Portability and Accountability Act of 1996 ("HIPAA")] privacy rules and not meant to be viewed by the public.  Mr. Ford's medical records contained in Exhibit A verify the fact that Mr. Ford suffers from asthma and has done so from an early age as stated in the brief."  Id.; and

    WHEREAS, Petitioner's medical history, at least so far as it relates to his asthma diagnosis, is an integral part of his claim to relief under § 2241; and

    WHEREAS, the motion to seal contains only a conclusory statement of the clearly defined serious injury that would support a good cause showing in order to protect the material at issue, as required under Local Civil Rule 5.3(c)(2).  Although Petitioner has a legitimate privacy interest in his medical records, see Doe v. Delie, 257 F.3d 309, 315 (3d Cir. 2001), he inserted the relevance of his medical conditions into this action by claiming they make him particularly susceptible to COVID-19.  Petitioner has a right to a public process on the decision of his habeas petition, and the public has a right to information about how county jails are responding to a public health crisis.  "The public's interest is particularly legitimate and important where, as in this case, at least one of

5

the parties to the action is a public entity or official." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing." Id. (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986)); and

WHEREAS, Petitioner has not met his burden of showing that there are no less restrictive alternatives available. Accordingly, the Court will deny the motion to seal; and

WHEREAS, Petitioner shall file Exhibit A on the docket within 30 days of this Order; and

WHEREAS, Respondent's answer will be due 30 days from the time Exhibit A is filed on the docket and shall address whether the petition is moot due to Petitioner's transfer out of the Cumberland County Jail; and

WHEREAS, Petitioner may file a response 30 days after the answer is filed,

THEREFORE, IT IS on this   23rd   day of September, 2022

ORDERED that Petitioner's motion to seal Exhibit A, ECF No. 53, be, and hereby is DENIED; and it is further

ORDERED that Petitioner shall file Exhibit A on the docket within 30 days of this Order; and it is further

ORDERED that Respondent's answer is due 30 days from the time Exhibit A is filed on the docket and shall address whether the petition is moot; and it is finally

ORDERED that Petitioner may file a response 30 days after the answer is filed.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |