| | |
|---|---|
| **LITE DEPALMA GREENBERG & AFANADOR, LLC**<br>Susana Cruz Hodge<br>570 Broad Street, Suite 1201<br>Newark, NJ 07102<br>Telephone: (973) 623-3000<br>scruzhodge@litedepalma.com | **JONATHAN J. SOBEL, ESQUIRE**<br>Jonathan J. Sobel<br>1500 Walnut Street, Suite 2000<br>Philadelphia, PA 19102<br>Telephone: (215) 735-7535<br>Telephone: (856) 296-9070<br>Mate89@aol.com |
| *Attorneys for Respondent*<br>*Warden Eugene Caldwell* | *CJA Attorney for Petitioner*<br>*Todd Ford, Jr.* |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TODD FORD, JR.,<br><br>*Petitioner,*<br><br>v.<br><br>WARDEN EUGENE CALDWELL,<br><br>*Respondent* | Civil Action No.: 1:20-cv-12655(NLH)<br><br>**DECLARATION OF SUSANA CRUZ HODGE IN SUPPORT OF JOINT MOTION TO SEAL PURSUANT TO LOCAL RULE 5.3** |

Respondent Warden Eugene Caldwell submits this Declaration of Susana Cruz Hodge in Support of Motion to Seal Materials pursuant to Local Civil Rules 5.3(c).

1. I am an attorney duly authorized to practice law in the State of New Jersey and a member in good standing of the bar of this Court. I am a member at the firm of Lite DePalma Greenberg & Afanador, LLC and counsel for Respondent.

1

2.     I submit this Declaration in accordance with Local Civil Rule 5.3 based upon my personal knowledge in support of the Joint Motion to Seal Pursuant to Local Rule 5.3.

3.     The Declaration of Susana Cruz Hodge in Support of Memorandum of Law in Response to Petition for Writ of Habeas Corpus by Respondent and Exhibits 33, 34, 35, 36, and 37 thereto, *see* ECF No. 66, contain certain materials that include non-public, confidential, and proprietary information.

4.     Respondent's Memorandum of Law in Response to Petition for Writ of Habeas Corpus by Respondent, *see* ECF No. 66, references details about those materials.

5.     Exhibit 33 to the Declaration of Susana Cruz Hodge in Support of Memorandum of Law in Response to Petition for Writ of Habeas Corpus by Respondent consists of the inmate grievance request forms Petitioner submitted to the Cumberland County Department of Corrections ("CCDOC").

6.     Exhibit 34 to the Declaration of Susana Cruz Hodge in Support of Memorandum of Law in Response to Petition for Writ of Habeas Corpus by Respondent consists of the Inmate Handbook to the CCDOC. As the Handbook is a public document, Counsel will produce same.

7.     Exhibit 35 to the Declaration of Susana Cruz Hodge in Support of Memorandum of Law in Response to Petition for Writ of Habeas Corpus by

Respondent consists of COVID-19 testing records of Petitioner while he was in custody at CCDOC, from 2020-2022.

8. Exhibit 36 to the Declaration of Susana Cruz Hodge in Support of Memorandum of Law in Response to Petition for Writ of Habeas Corpus by Respondent consists of the Fifth Report and Recommendation of Special Master, Dated May 9, 2022, filed in the matter *Brown v. Warren*, 1:20-cv-7907-NLH-KMW.

9. Exhibit 37 to the Declaration of Susana Cruz Hodge in Support of Memorandum of Law in Response to Petition for Writ of Habeas Corpus by Respondent consists of the Sixth Report and Recommendation of the Special Master, dated August 29, 2022, filed in the matter *Brown v. Warren*, 1:20-cv-7907-NLH-KMW.

10. Local Civil Rule 5.3(c)(3) states that certain matters shall be described in connection with a motion to seal materials. Here, these matters are described in an Index submitted in Support of the Joint Motion to Seal Pursuant to Local Rule 5.3 (the "Index"). The Index describes with particularity: (a) the nature of Exhibits 33, 35, 36, and 37 to the Declaration of Susana Cruz Hodge in Support of Memorandum of Law in Response to Petition for Writ of Habeas Corpus by Respondent, *see* ECF No. 66; (b) the nature of Respondent's Memorandum of Law in Response to Petition for Writ of Habeas Corpus by Respondent; (c) the

legitimate private or public interest that warrants the relief sought; (d) the clearly defined and serious injury that would result if the relief sought is not granted; and (e) why a less restrictive alternative to the relief sought is not available.

11. Attached as <u>Exhibit A</u> to this Declaration is the Index.

12. Petitioner and Respondent are not aware of any prior orders sealing the same materials in this Action.

13. Petitioner and Respondent are not aware of any parties or nonparties that object to this request.

Pursuant to 28 U.S.C § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:   November 8, 2022
         Newark, New Jersey

/s/ *Susana Cruz Hodge*
Susana Cruz Hodge

# EXHIBIT A

## Index in Support of the Joint Motion to Seal Pursuant to Local Rule 5.3

| Document | Nature of Materials | Interests Warranting Protection | Injury That Would Result if Not Protected | Less Protection/why Less Restrictive Alternative Not Available |
|---|---|---|---|---|
| **Exhibits 33 and 35** to Declaration of Susana Cruz Hodge to Memorandum of Law in Response to Petition for Writ of Habeas Corpus by Respondent, *see* Dkt. No. 1:20-cv-12655-NLH-AMD, ECF No. 66 | Cumberland County Department of Corrections' ("CCDOC") Grievances filed by Petitioner at Cumberland County Correctional Facility, 2020-2022 (**Exhibit 33**); COVID-19 testing records of Petitioner while in custody at CCDOC, from 2020-2022 (**Exhibit 35**) | These inmate request forms and testing records contain personal and sensitive medical information of Petitioner, other inmates, and staff members of the CCDOC. These inmate request forms and testing results also contain personal identifying numbers for Petitioner and staff members of the CCDOC who are not parties to this litigation. | Irreparable harm to a person's privacy rights that would result from the public disclosure of medical information and records as well as personal identifying information is an accepted, clearly defined risk of serious injury that supports a motion to seal. *See Doe v. Delie*, 257 F.3d 309 (3d Cir. 2001) (right to privacy in one's medical records is clearly recognized); *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 577 (3d Cir. 1980) ("There is no question that medical records, which may contain intimate facts of a personal nature, are well within the ambit of materials entitled to privacy protection."); *Bertolotti v. AutoZone, Inc.*, 132 F. Supp. 3d 590, 609 (D.N.J. Sept. 22, 2015) ("[P]ublic disclosure of an individual's medical history | Redaction is not feasible; nearly all information contained therein would be redacted. |

933501.1

|  |  |  | and personal identifying numbers has been held to be a clearly defined and serious injury sufficient to support sealing of medical records." (citing *Everett v. Nort*, 547 Fed. Appx. 117, 122 n. 9 (3d Cir. 2013)); *see also Floyd v. Ada Cty.*, No. 1:17-cv-00150-DCN, 2020 U.S. Dist. LEXIS 74937, at *20-21 (D. Idaho Apr. 27, 2020) (sealing grievance forms related to the health of prisoner).<br><br>**Exhibit 35** also implicates institutional safety and security and the rights to privacy and confidentiality of inmates not involved in this Action. New Jersey generally prohibits inmates from possessing records related to other inmates. *See* N.J.A.C. § 10A:31-6.10(b) ("An inmate shall not be permitted to inspect, examine or obtain copies of documents concerning any other inmate."). Other courts have agreed that these are compelling injuries warranting the sealing of similar |  |
|---|---|---|---|---|

2

933501.1

| | | | | |
|---|---|---|---|---|
| | | | information. *See, e.g.*, *Ruiz v. Clark*, No. 1:20-cv-00893-AWI-EPG (PC), 2021 U.S. Dist. LEXIS 134310, at *5 (E.D. Cal. July 19, 2021). | |
| **Exhibit 34** to Declaration of Susana Cruz Hodge to Memorandum of Law in Response to Petition for Writ of Habeas Corpus by Respondent, *see* Dkt. No. 1:20-cv-12655-NLH-AMD, ECF No. 66 | The Cumberland County Correctional Facility Inmate Handbook, dated June 19, 2015 | | | Counsel concedes that the Handbook is of public record and will produce. |
| **Exhibits 36 and 37** to Declaration of Susana Cruz Hodge to Memorandum of Law in Response to Petition for Writ of Habeas Corpus by | **Exhibit 36,** Fifth Report and Recommendation of the Special Master, Dated May 9, 2022, *Brown v. Warren*, 1:20-cv-7907-NLH-KMW; | Reports filed by the Special Master are filed under seal pursuant to orders in the matter *Brown v. Warren*, 1:20-cv-7907-NLH-KMW; both reports are marked with FILED UNDER SEAL. | Both documents are currently filed under temporary seal in the matter *Brown v. Warren*, 1:20-cv-7907-NLH-KMW; both reports are marked with FILED UNDER SEAL designation. The Special Master noted that his reports were filed this way because of the initial requests made by | Redaction is not feasible; nearly all information contained therein would be redacted. |

933501.1

3

| | | | | |
|---|---|---|---|---|
| Respondent, *see* Dkt. No. 1:20-cv-12655-NLH-AMD, ECF No. 66 | **Exhibit 37**, Sixth Report and Recommendation of Special Master, Dated August 29, 2022, *Brown v. Warren*, 1:20-cv-7907-NLH-KMW | | the Court **(ECF #353, sealed transcript)**. | |
| Memorandum of Law in Response to Petition for Writ of Habeas Corpus by Respondent, *see* Dkt. No. 1:20-cv-12655-NLH-AMD, ECF No. 66 | Pages 9, 10, and 17-20 of the Memorandum of Law | The Memorandum of Law references Petitioner's medical condition and treatment requests, includes treatment received in response to grievances, and contains information from the Special Master's Fifth and Sixth Reports and Recommendations. | See above. | Respondent will submit a redacted version of their brief to maintain the confidentiality of Petitioner's personal information as well as the information contained in the Special Master's Reports. |

4

933501.1