```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
_____
                              :
TODD FORD, JR.,               :
                              :
         Petitioner,          :   Civ. No. 20-12655 (NLH)
                              :
    v.                        :        OPINION
                              :
WARDEN EUGENE CALDWELL,       :
                              :
         Respondent.          :
_____:
```

APPEARANCES:

Jonathan J. Sobel, Esq.
Law Offices of Jonathan J. Sobel
1500 Walnut Street
Suite 2000
Philadelphia, PA 19102

    *Attorneys for Petitioner*

Jennifer Webb-McRae, Cumberland County Prosecutor
Andre R. Araujo, Assistant Prosecutor
Office of the County Prosecutor
115 Vine Street
Bridgeton, New Jersey 08302

Joseph J. DePalma, Esq.
Susana Cruz Hodge, Esq.
Victor A. Afanador, Esq.
Christopher Khatami, Esq.
Lite DePalma Greenberg & Afanador, LLC
570 Broad Street, Suite 1201
Newark, New Jersey 07102

    *Attorneys for Respondent*

HILLMAN, District Judge

Petitioner Todd Ford, Jr., filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his pretrial detention in the Cumberland County Jail ("CCJ") due to the Jail's response, or lack thereof, to the COVID-19 pandemic.  ECF Nos. 1 & 8.  Respondent CCJ Warden Eugene Caldwell opposes the petition.  ECF Nos. 4 & 13.  The parties now jointly move to seal Respondent's supplemental memorandum of law (ECF 66) and Exhibits 33, 35, 36, and 37 to the Declaration (ECF 66-1) filed in support.  ECF No. 68.

For the reasons that follow, the Court will dismiss the habeas petition as moot.  No certificate of appealability shall issue.  The motion to seal will be denied in part and denied without prejudice in part.

I.   BACKGROUND

Petitioner, among others, filed a civil rights complaint under 42 U.S.C. § 1983 seeking injunctive relief, individually and on behalf of the class of similarly situated present and future detainees in the CCJ, based on the conditions in the Jail during the COVID-19 pandemic.  Brown v. Warren, No. 20-7907 ("Class Action").  Petitioner submitted a pro se habeas petition seeking release from the CCJ on the grounds that his medical conditions made him more susceptible to COVID-19.  ECF No. 1.

The Honorable Renée Marie Bumb, D.N.J., ordered Respondent to answer the petition.  ECF No. 2.

Petitioner submitted a supplement to his petition, ECF No. 8, and Judge Bumb directed Respondent to answer the supplement as well, ECF No. 10.  Judge Bumb also appointed counsel to represent Petitioner.  ECF No. 11.

On February 17, 2021, Judge Bumb stayed the matter pending the resolution of the Class Action.  ECF No. 20.  Counsel moved to withdraw from the case on July 18, 2021, ECF No. 26, and Judge Bumb appointed new counsel on August 11, 2021, ECF No. 29. The case was reassigned to the undersigned on September 20, 2021.  ECF No. 30.

Petitioner sent in a letter asking for the stay to be lifted due to changed circumstances.  ECF No. 34.  This Court lifted the stay on January 12, 2022 and ordered supplemental briefing from Petitioner's counsel.  ECF No. 36.  Counsel filed the supplement on March 5, 2022 and moved to seal the brief. ECF Nos. 45 & 46.  The Court denied the motion to seal on March 31, 2022.  ECF No. 50.  Petitioner filed a new motion to seal, ECF No. 53, which the Court also denied, ECF No. 63.  On May 26, 2022, Petitioner submitted a letter indicating he had been transferred to the Hudson County Jail.  ECF No. 55.

Respondent filed his supplemental answer on October 26, 2022 under seal, ECF No. 66, which was supported by a

declaration of counsel with various exhibits.  ECF 66-1.  At the
request of the Court, the supplement addressed whether
Petitioner's transfer mooted the petition.  See Order, ECF No.
63.  New counsel entered an appearance on Petitioner's behalf
and filed a supplemental response on the mootness question.  ECF
No. 71.  The parties jointly moved to seal Respondent's
supplemental answer, ECF 66, and Exhibits 33, 35, 36, and 37 to
the declaration supporting it, ECF 66-1.  ECF No. 68.

II. STANDARD OF REVIEW

        Section 2241 authorizes a federal court to issue a writ of
habeas corpus to any pre-trial detainee who "'is in custody in
violation of the Constitution or laws or treaties of the United
States.'"  Moore v. De Young, 515 F.2d 437, 442 n.5 (3d Cir.
1975) (quoting 28 U.S.C. § 2241(c)(3)).  "[F]ederal courts,
including the Third Circuit, have condoned conditions of
confinement challenges through habeas."  Thakker v. Doll, 451 F.
Supp. 3d 358, 363-64 (M.D. Pa. 2020).  See also Hope v. Warden
York County Prison, 972 F.3d 310, 323-24 (3d Cir. 2020).

        "It is well-settled that there exists, in both criminal and
civil cases, a common law public right of access to judicial
proceedings and records."  In re Cendant Corp., 260 F.3d 183,
192 (3d Cir. 2001).  "The public's right of access extends
beyond simply the ability to attend open court proceedings.
Rather, it envisions a pervasive common law right to inspect and

copy public records and documents, including judicial records and documents." Id. (internal citations and quotation marks omitted). However, "[t]he public's common law right to access judicial records is not absolute. Instead, when the right exists, there is a strong presumption that the public may view the records." United States v. Wecht, 484 F.3d 194, 208 (3d Cir. 2007), as amended (July 2, 2007) (internal citations and quotation marks omitted).

A party seeking to seal portions of the judicial record from public view "must show 'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662, 672 (3d Cir. 2019) (quoting Miller v. Ind. Hosp., 16 F.3d 549, 551 (3d Cir. 1994)). The "'strong presumption' of openness does not permit the routine closing of judicial records to the public." Miller, 16 F.3d at 551.

In deciding a motion to seal, the Court considers

(a) the nature of the materials or proceedings at issue;

(b) the legitimate private or public interest which warrants the relief sought;

(c) the clearly defined and serious injury that would result if the relief sought is not granted;

(d) why a less restrictive alternative to the relief sought is not available;

5

(e) any prior order sealing the same materials in the
   pending action; and

(f) the identity of any party or nonparty known to be
   objecting to the sealing request.

L. Civ. R. 5.3(c)(3).  "In delineating the injury to be

prevented, specificity is essential.  Broad allegations of harm,

bereft of specific examples or articulated reasoning, are

insufficient."  In re Cendant Corp., 260 F.3d 183, 194 (3d Cir.

2001) (internal citation omitted).

III. ANALYSIS

A.   Mootness

     The Court must first consider whether the petition is moot

because that impacts the Court's jurisdiction under § 2241.

Under Article III of the Constitution, federal courts only have

jurisdiction over a matter where there is a live case or

controversy to be resolved.  See, e.g., Spencer v. Kemna, 523

U.S. 1, 7 (1998).  "This case-or-controversy requirement

subsists through all stages of federal judicial proceedings,

trial and appellate."  Lewis v. Cont'l Bank Corp., 494 U.S. 472,

477 (1990).  "The parties must continue to have a personal stake

in the outcome of the lawsuit."  Id. at 478 (internal quotation

marks omitted).  "[I]f a case no longer presents a live case or

controversy, the case is moot, and the federal court lacks

jurisdiction to hear it."  Williams v. New Jersey, No. 18-14964,

2020 WL 3259223, at *2 (D.N.J. June 16, 2020).  "An action

6

becomes moot when '(1) there is no reasonable expectation that the alleged events will recur ... and (2) interim relief or events have completely eradicated the effects of the violation.'" <u>Ames v. Westinghouse Electric Corp.</u>, 864 F.2d 289, 291–92 (3d Cir. 1988) (quoting <u>County of Los Angeles v. Davis</u>, 440 U.S. 625, 631 (1979)) (omission in original).

Petitioner asserts his claims are not moot because he remains in Cumberland County's custody pursuant to an agreement between Cumberland and Hudson counties.  ECF No. 71 at 17. "Petitioner is only housed under contract at Hudson County Correctional Center and still subject to the Cumberland County Department of Corrections property.  Hudson County Correctional Center does not even have the proper jurisdiction to release Cumberland County detainees, who must be picked up by the Cumberland County, upon being released." <u>Id.</u> at 22-23.  He also argues that "Petitioner falls under the exception to mootness: (a) secondary or collateral injuries survive the resolution of the primary injury; and (b) the issue is deemed a wrong capable of repetition yet evading reviews." <u>Id.</u> at 23.

Petitioner is correct in that a change in custodial location after a § 2241 petition was filed would generally not divest the Court of § 2241 jurisdiction.  <u>See</u> ECF No. 71 at 17 (citing <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 447 (2004)).  <u>See also</u> <u>Gorrell v. Yost</u>, 509 F. App'x 114, 118 (3d Cir. 2013).

Petitioner was detained in the CCJ when he filed his § 2241
petition and properly named the CCJ Warden as the Respondent.
ECF No. 1.  In this case, however, the Court does not lose
jurisdiction because the proper respondent has changed; it loses
Article III jurisdiction because Petitioner has functionally
obtained the relief he requested by virtue of the fact that he
is no longer being detained in the CCJ.

Petitioner sought release from the Cumberland County Jail
due to "constitutionally transgressive conditions includ[ing]
grossly inadequate measures for addressing the ongoing corona
virus [sic], maintenance or creation of toxic or otherwise
dangerous conditions in the ambient environment in the jail, and
indeed creating noxious ambient air contaminations with
inappropriate chemical concoctions that present risks of harm to
the lungs of residents and with no upside."  ECF No. 53-1 at 1.
He alleged that his medical history, specifically asthma,
"renders [him] more vulnerable to the corona virus [sic], and
makes [him] particularly suffer from ambient air contaminants .
. . ."  Id. at 1-2.[1]  Petitioner was transferred to the Hudson

---

[1] Petitioner filed an exhibit on June 5, 2023 containing a copy
of a draft motion to reopen his detention hearing in the state
courts due to alleged prosecutorial and police misconduct as
well as a decision by the New Jersey Supreme Court, Matter of
Request to Modify Prison Sentences, 231 A.3d 667 (N.J. 2020).
ECF No. 74.  Petitioner did not move to amend the habeas corpus
petition to include these claims, so the Court will not consider
them.

8

County Jail in early 2022.  See ECF No. 55 (Petitioner's change
of address letter).  According to the Cumberland County
Department of Corrections Inmate Search, he remains in Hudson
County.  Cumberland County Department of Corrections Inmate
Search, available at http://inmates.bluhorse.com/
Default.aspx?ID=CUMB (last visited June 23, 2023).

Although Petitioner remains in the legal custody of
Cumberland County, he is no longer subject to the allegedly
unconstitutional conditions of confinement at CCJ.  "An inmate's
transfer from the facility complained of generally moots the
equitable and declaratory claims." Sutton v. Rasheed, 323 F.3d
236, 248 (3d Cir. 2003), as amended (May 29, 2003) (citing
Abdul-Akbar v. Watson, 4 F.3d 195, 197 (3d Cir. 1993)).  See
also Mayon v. Capozza, No. 2:14-CV-1203, 2015 WL 4955397, at *5
(W.D. Pa. Aug. 19, 2015) ("A prisoner's transfer or release from
prison moots his claims for declaratory relief since he is no
longer subject to the conditions he alleges are
unconstitutional.").

Petitioner invokes two exceptions to the general mootness
rule: "(a) secondary or collateral injuries survive the
resolution of the primary injury; and (b) the issue is deemed a
wrong capable of repetition yet evading reviews."  ECF No. 71 at
23.  Petitioner alleges that his health continues to suffer due
to his prior detention at the CCJ, but this is not the type of

9

collateral consequence that would keep a habeas challenge to a
specific institution's conditions active for Article III
purposes.[2]  This exception usually arises when former prisoners
attempt to challenge parole or probation revocations after they
have completed their sentences.  See Spencer v. Kemna, 523 U.S.
1, 7 (1998).  Petitioner argued his "detention under such
perilous conditions violates his due process right to be free
from such dangerous conditions deleterious conditions and harms
as his confinement inflicts — an hour by hour and day by day,
punishment without due process."  ECF No. 45 at 2.  He is no
longer detained in that facility.  If the Court were to accept
Petitioner's framing of collateral consequences, a prisoner
could obtain release for past medical injuries that have ongoing
symptoms anytime they were transferred to a new facility.  This
is not to minimize Petitioner's health concerns or the
conditions at the CCJ, but the Court does not believe that was
the intention of the collateral consequences exception.

Petitioner also asserts his claims are not moot because
they are "capable of repetition, yet evading review."  The

---

[2] The Court notes that Petitioner has a separate, ongoing civil
rights complaint against Cumberland County pursuant to 42 U.S.C.
§ 1983.  See Ford v. Smith, et al., No. 20-18863 (filed Dec. 14,
2020).  His transfer does not moot any claim for damages in that
case.  Nor as set forth below should anything in this Opinion be
construed as questioning whether a continuing case of
controversy exists in the Class Action.

capable of repetition, yet evading review exception "is 'narrow and available only in exceptional situations.'" Parkell v. Danberg, 833 F.3d 313, 333 (3d Cir. 2016) (quoting Rendell v. Rumsfeld, 484 F.3d 236, 241 (3d Cir. 2007)).  It is "limited to the situation where two elements combine[]: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." Weinstein v. Bradford, 423 U.S. 147, 149 (1975).  Petitioner filed his petition in 2020 and was transferred in 2022.  This is not a "too short" amount of time.

Petitioner also has not satisfied the second requirement. "The capable-of-repetition exception is inapplicable when a previously incarcerated plaintiff has been completely released from the system through expiration of a sentence or acquittal upon retrial, because it would be mere 'conjecture' to conclude that the plaintiff might be reincarcerated and subjected to the same conditions again." Parkell, 833 F.3d at 333.  "A more difficult and fact-intensive question is raised, however, when the plaintiff is still connected to the system." Id. Regardless, Petitioner must "present more than generalities; he must establish a reasonable expectation that he, specifically, will again be subjected to the unconstitutional" conditions at CCJ.  Id. (citing OSHA Data/CIH, Inc. v. U.S. Dep't of Labor,

220 F.3d 153, 168 (3d Cir. 2000)).  See also Small v. Lanigan,
58 NDLR P 113, 2019 WL 145628, at *7 (D.N.J. Jan. 9, 2019).
Given the extensive efforts to close the CCJ,[3] Petitioner has not
established a reasonable expectation that he will be transferred
back to that facility.

  Although not briefed by Petitioner,[4] the Court will briefly
address the class action exception to mootness.  "[A] court will
not dismiss a case as moot if . . . it is a properly certified
class action suit."  Chong v. Dist. Dir., INS, 264 F.3d 378, 384
(3d Cir. 2001).  Petitioner was part of the Class Action against
Cumberland Country seeking injunctive relief due to the
conditions at CCJ during the COVID-19 pandemic, and his transfer
does not moot the Class Action.  See Sosna v. Iowa, 419 U.S. 393
(1975).  However, this specific case is not a class action, so

---

[3] The policy of transferring detainees from the Cumberland County
Jail to Hudson County was extensively litigated in the New
Jersey state courts.  See Krakora, et al, v. County of
Cumberland, et al., Case No. CAM-L-3500-20 (filed Oct. 22,
2020); Krakora for State v. Cty. of Cumberland, 259 A.3d 288,
reconsideration denied sub nom. Krakora v. Cty. of Cumberland,
262 A.3d 424 (N.J. 2021).  See also ECF No. 45 at 1 ("The County
has long been hatching a plan to close the jail and lodge its
detainees in other counties' jails.").

[4] Petitioner mentions in a footnote that he arguably satisfies
all the exceptions to the mootness doctrine.  ECF No. 71 at 23
n.7.  "[A]rguments raised in passing (such as, in a footnote),
but not squarely argued, are considered waived."  John Wyeth &
Bro. Ltd. v. CIGNA Int'l Corp., 119 F.3d 1070, 1076 n.6 (3d Cir.
1997).

the class action exception to mootness does not apply.  The
Court will dismiss the petition as moot.

B.   Motion to Seal

The Court must still address the joint motion to seal
certain docket items even though it is dismissing the petition
as moot.  ECF No. 68.  The parties seek to seal portions of
Respondent's supplemental answer, ECF 66, the Declaration of
Susana Cruz Hodge in Support, ECF 66-1, and its Exhibits 33, 35,
36, and 37.[5]  The Court will deny the motion in part and deny it
without prejudice in part.

The parties argue that Exhibits 33 and 35 should be sealed
because they contain "inmate request forms and testing records
contain[ing] personal and sensitive medical information of
Petitioner, other inmates, and staff members of the CCDOC."  ECF
No. 68-1 at 6.  They allege that "[r]edaction is not feasible;
nearly all information contained therein would be redacted."
Id.  Petitioner has a legitimate privacy interest in his medical
records, see Doe v. Delie, 257 F.3d 309, 315 (3d Cir. 2001), but
he inserted the relevance of his medical record and conditions
into this action by asking to be released from CCJ because of

_____

[5] The parties state that Exhibit 34 "consists of the Inmate
Handbook to the CCDOC.  As the Handbook is a public document,
Counsel will produce same."  ECF No. 68-1 at 2.  The parties
will file this document on the public docket within 10 days of
this Opinion and Order.

13

his health conditions.  Petitioner has a right to have his habeas petition adjudicated in a public process, and the public has a right to information about how county jails are responding to a public health crisis.  "The public's interest is particularly legitimate and important where, as in this case, at least one of the parties to the action is a public entity or official."  Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994).  The parties may redact Petitioner's full birthdate from the records, which will keep the sensitive personal information private while balancing public access to judicial records.

Petitioner's grievance forms, Exhibit 35, are relevant to Respondent's assertion that Petitioner failed to exhaust his administrative remedies.  Although the Court does not reach that question because the petition is moot, the grievances are still judicial records entitled to the presumption of public access. The Court has reviewed Exhibit 35 and has found only a few instances of other inmates' name appearing in the forms.  The parties may redact the other inmates' names, leaving the first and last initials, with little trouble.  The information about staff appears limited to their position in the prison and any involvement in reviewing Petitioner's grievances or providing medical treatment.  The grievances do not contain "private"

information about jail staff such that sealing would be
appropriate.

The parties also seek to maintain Exhibits 36 and 37 under
seal because they are the Fifth and Sixth Report and
Recommendation of the Special Master in the Class Action and are
presently under seal in that matter.  ECF No. 68-1 at 8-9.  The
Court is concerned that many docket entries in the Class Action,
including the Special Master's reports, should be subject to
unsealing.  The Court is undertaking a separate process in the
Class Action to evaluate the filings.  The Court will deny the
motion to seal the Special Master's Reports (Exhibits 36 and 37)
without prejudice, subject to refiling any time after the Court
issues an omnibus unsealing order in the Class Action.  The
Court will maintain the Reports, and the brief quoting the
Reports, under temporary seal in the interim.

IV.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not
appeal from a final order denying relief from a "detention
complained of aris[ing] out of process issued by a State Court"
unless he has "made a substantial showing of the denial of a
constitutional right." 28 U.S.C. § 2253(c)(1)-(2). "When the
district court denies a habeas petition on procedural grounds
without reaching the prisoner's underlying constitutional claim,
a [certificate of appealability] should issue when ... jurists

15

of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

The Court declines to issue a certificate of appealability because reasonable jurists would agree that the petition is moot.

V. CONCLUSION

For the reasons stated above, the Court will dismiss the habeas petition as moot.  No certificate of appealability shall issue.

The motion to seal will be denied in part and denied without prejudice in part, but the Court will maintain the temporary seal on the full documents pending further Order.  The parties must meet and confer and submit redactions to documents identified by the Court in this Opinion on the public docket within 10 days of this Opinion and Order.

An appropriate order follows.


Dated: __June 29, 2023__              __s/ Noel L. Hillman__
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.